IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| RAFAEL CAMPOS and IRLANDA J. CAMPOS, | ) CASE NO. 10-38109-H3-7 |
| Debtors | ) |

MEMORANDUM OPINION

The court heard the "Final Application of Special Litigation Counsel for Allowance of Compensation" (Docket No. 44) filed by Bickham Law. The court makes the following Findings of Fact and Conclusions of Law, and grants the application. A separate judgment will be entered contemporaneously. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Rafael and Irlanda Campos ("Debtors") filed a voluntary chapter 7 petition on September 10, 2010 and Ronald J. Sommers was appointed as the chapter 7 trustee ("Trustee"). At the time the bankruptcy petition was filed, Mr. Campos was a plaintiff in a state court personal injury suit, Cause No. 2010-27737, entitled Rafael Campos v. Anthony Kelley, 164th Judicial District Court of Harris County, Texas. Bickham Law ("Applicant")

represented Campos in the state court suit on a contingency fee basis.  Upon filing the bankruptcy petition, Debtors' claims in the state court suit became property of the estate.

On August 16, 2011, the Trustee sought court approval to employ Applicant as special litigation counsel to pursue the claims on behalf of the estate on a contingency fee basis after payment of expenses pursuant to sections 327 and 328 of the Bankruptcy Code.  Docket No. 31.  The court approved Applicant's employment.  Docket No. 32.  The suit was resolved and the court approved the Trustee's Motion to Compromise the litigation whereby the estate would receive $60,000 in full satisfaction of the estate's claims.  Docket Nos. 37 and 38.

Applicant filed the instant application and sought payment of a contingency fee of forty percent of the settlement amount, $24,000, and reimbursement of out of pocket expenses of $12,283.41.  The Trustee filed a limited objection to the payment of the following expense items: $1,000 "deposit to medical provider"; and $10,594 incurred in "litigation expenses" which were described as "[m]edical [e]xpenses in the development of Mr. Campos' personal injury claim."  The Trustee does not object to the payment of the contingency fee nor to the payment of the other expenses.  Docket No. 53.

The basis of the Trustee's objection is that the specified expenses were not actual or necessary.  The Trustee asserts that the Applicant must show that these expenses were

actually paid and necessary to the Applicant's representation of the Trustee. Applicant asserted that the original amount of the medical expenses incurred was over $23,000 but that the medical providers agreed to a reduction of that amount. The Trustee and Applicant stipulated that the Applicant assured the medical providers that they would be paid out of any ultimate settlement. According to Applicant, the large settlement amount received by the estate is attributable to the amount of the medical care expenses and as a result, the creditors of the estate have benefitted by receiving a larger recovery. The Trustee stated that, if not for bankruptcy, it would be appropriate for counsel to obtain reimbursement of these medical expenses.

No evidence was presented that there were unexpected or unforeseen circumstances that occurred which caused the approval of the contingency fee employment agreement to be improvident.

## Conclusions of Law

Section 327 allows the trustee to employ attorneys for a special purpose, with compensation to be determined under either section 328 or section 330. Under section 328, with the court's approval, the trustee may employ special counsel on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis.

When the court does not approve a particular rate or means of payment pursuant to section 328, section 330 applies.

Section 330 provides that special counsel should be paid reasonable compensation for actual, necessary services rendered based on the nature, the extent and the value of such services, and considering the time spent on such services, and the cost of comparable services.

If prior approval is given to a certain compensation, section 328 controls and the court starts with that approved compensation, modifying it only for developments unforeseen when originally approved.  Where no subsequent occurrence exists which renders the original terms of employment improvident in light of developments unanticipated at the time the contingent fee was approved, a court approved contingent fee agreement may not be overturned.  *See In the Matter of National Gypsum Co., v. Donaldson Lufkin & Jenrette Securities Corp.*, 123 F.3d 861 (5th Cir. 1997); *In re Texas Securities, Inc.*, 218 F.3d 443 (5th Cir. 2000); *In re Barron*, 325 F.3d 690 (5th Cir. 2003).

A contingent fee arrangement approved by the bankruptcy court cannot be subsequently modified on the basis of economy of administration or conservation of the estate.  *See In re Confections by Sandra, Inc.*, 83 B.R. 729 (9th Cir. BAP 1987) and cases cited therein.

Applicant was employed under section 328 on a contingent fee basis after payment of expenses.  The court finds that the medical expenses incurred could be anticipated as the

state court case was based upon a personal injury claim.  The expenses were actual and attributed to Mr. Campos.  The court finds that the expenses were reasonable as they were necessary to achieve such a large settlement.

Based upon the above Findings of Fact and Conclusions of Law, the court grants the fee application.

Signed at Houston, Texas on this 31st day of May, 2013.

*(signature)*

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE